FILED
JUN 2 2 2005
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF SOUTH DAKOTA
PIERRE DIVISION

MONICA DEL CARMEN GONZALEZ )(
SERVIN, Individually and as )(
Representative of the Estate of )(
HANS GUERRERO ALTMANN, and )(
MARIA FERNANDA )(
GUERRO GONZALEZ, a minor, )(
And HANS GUERRERO GONZALEZ )(
A minor, )(
PLAINTIFFS )(
)(
VS. )( CIVIL ACTION NO. 05-3015
)(
FORD MOTOR COMPANY, and )(
FIRESTONE POLYMERS, LLC, and )(
BRIDGESTONE/FIRESTONE )(
NORTH AMERICAN TIRE, )(
DEFENDANTS )(

## COMPLAINT

Come now Monica Del Carmen Gonzalez, individually, and as mother and next friend of Maria Fernanda Guerrero Gonzalez, a minor, and Hans Guerrero Gonzalez, a minor, and the Estate of Hans Guerrero Altmann, deceased, and file this complaint for damages for wrongful death, personal injury and negligent infliction of emotional distress against the defendants BRIDGESTON/FIRESTONE NORTH AMERICAN TIRE, AND FORD MOTOR COMPANY AND FIRESTONE POLYMERS, LLC and respectfully allege the following:

*Jurisdiction and Venue*

1. This Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. 1332. The Plaintiffs are citizens of Mexico, and the Defendants are citizens of Delaware and South Dakota.

2. Defendants Bridgestone/Firestone North American Tire, Inc., Firestone Polymers, LLC, and Ford Motor Company are subject to *in personam* jurisdiction of this Court pursuant S.D. Codified Laws § 15-5-6 (2004).

*Parties*

3. Plaintiff Maria Del Carmen Gonzales Servin is an adult resident citizen of Mexico. She is the widow of the decedent, Hans Guerrero Altmann, who resides at the same address prior to his death. Hans Guerrero Altmann is survived by his daughter, Maria Fernanda Guerrero Gonzalez, and his son, Hans Guerrero Gonzalez. Plaintiff Maria Del Carmen Gonzales Servin brings this suit individually and on behalf of all wrongful death beneficiaries of Hans Guerrero Altmann.

4. Defendant Bridgestone/Firestone North American Tire (hereinafter "Firestone") is a foreign corporation, organized under the laws of the State of Delaware, doing business in South Dakota. Said defendant may be served with process through its registered agent, National Registered Agents, Inc. 300 South Phillips Ave. Suite 30, Sioux Falls, South Dakota 57104-6322. Defendant Firestone is a nationally prominent manufacturer engaged in the business of manufacturing and selling automobile tires, including the defective Firestone Radial tires that failed in these cases. Said defendant is, and at all times relevant to this action was, doing business in the State of South Dakota.

5. Defendant Ford Motor Company is a foreign corporation, organized under the laws of the State of Delaware. Said defendant may be served with process through its

2

registered agent in the State of Mississippi, to-wit: C T Corporation System, 319 S. Coteau Street, Pierre South Dakota 57501-3187. Defendant Ford Motor Company is a nationally prominent automobile manufacturer engaged in the business of designing, manufacturing and selling automobiles, including the Ford Explorer sport utility vehicles at issue in this complaint. Said defendant is, and at all times relevant to this action was, doing business in the State of South Dakota as contemplated by S.D. Codified Laws § 15-5-6(2004).

6. Firestone Polymers, (hereinafter "Firestone") is a South Dakota corporation, organized under the laws of the State of South Dakota, doing business in South Dakota. Said defendant may be served with process through its registered agent, National Registered Agents, Inc. 300 South Phillips Ave. Suite 30, Sioux Falls, South Dakota 57104-6322. Defendant Firestone Polymers is a subsidiary of Firestone, and its polymers are a vital ingredient in Firestone Tires. Defendant Firestone is a nationally prominent manufacturer engaged in the business of manufacturing and selling automobile tires, including the defective Firestone Radial tires that failed in these cases. Said defendant is, and at all times relevant to this action was, doing business in the State of South Dakota.

*Facts*

7. On May 9, 2004, the deceased, Hans Guerrero Altmann was operating his 1999 Ford Explorer vehicle; vehicle identification number 1FMZU35PXXZB66546, in a safe and prudent manner on Camino Nacional 45-D Mexico-Juarez. The tires on said 1999 Ford Explorer were manufactured and sold by Bridgestone/Firestone, Inc. While

3

traveling on the day in question, the vehicle threw both treads on the tires on the right side of the vehicle. The Ford Explorer experienced a complete tread belt separation in what has come to be known as the classic Firestone fashion, causing the 1999 Ford Explorer vehicle to leave the roadway and overturn several times. As a result of the accident, Hans Guerrero Altmann suffered injuries leading to his death

8. Hans Guerrero Altmann was exercising reasonable care and due diligence in the operation of the respective vehicle at the time of said accident. The actions of Hans Guerrero Altmann during the course of said accident were those of reasonable persons forced to make split-second decisions in the face of a sudden, traumatic, life-threatening event. Furthermore, all actions taken by Hans Guerrero Altmann during said incidents were the natural and proximate consequence of the tire tread separation, and were reasonably foreseeable to Defendants.

*Strict Liability*

*1. Manufacturing Defect*

9. Plaintiffs incorporate all previous paragraphs as if fully reproduced herein.

10. The plaintiffs' injuries were proximately caused by the defective and unreasonably dangerous condition of the subject tires (as set forth below). As such, Firestone, as a manufacturer and seller of the defective tires, and Ford, as sellers of the defective tire, are strictly liable to plaintiffs for all damages resulting from the plaintiffs' injuries, pursuant to the RESTATEMENT (SECOND) OF TORTS § 402A.

11. At the time the subject tires left the control of Firestone and Ford, respectively, there were defective because they deviated in a material way from Firestone's specifications and/or from otherwise identical units manufactured to the same

manufacturing specifications. The cured physical properties of the tires in the belt edges and between the belts had insufficient strength, adhesion, and fatigue resistance to prevent the separation of the tread and outer belt from the rest of the tire.

12. This defective condition rendered the subject tires unreasonably dangerous to the user and consumer, and the defective and unreasonably dangerous condition of the products proximately caused the damages fro which recovery is sought by plaintiffs.

13. Upon information and belief, Bridgestone, the parent company of Firestone, engaged in direct supervision and control over Firestone with respect to the manufacturing of Firestone Radial tires. As such, Bridgestone is jointly and severally liable with Firestone for damages proximately caused by the manufacturing defect allege above.

### 2. Design Defect

14. Plaintiffs incorporate all previous paragraphs as if fully reproduced herein.

15. At the time the subject tires left the control of Firestone and Ford, respectively, the subject tires were designed in a defective manner, such defect rendered the product unreasonably dangerous to the plaintiffs, and the defect proximately caused the damages for which recovery is sought.

16. At the time the subject tires left the control of defendants Firestone and Ford, said defendant knew, or in light of reasonably available knowledge or in the exercise of reasonable care should have known, about the danger that caused the damage for which recovery is sought. Specifically, Firestone and Ford knew, or in light of reasonably available knowledge or in the exercise of reasonable care should have known, of the unreasonably dangerous propensity of the subject ties to experience a sudden and

complete tread separation while operating at highway speeds, and how such a tread separation is likely to result in serious injury or death to the user.

17. The subject tires failed to function as expected and there existed a feasible design alternative that would have to a reasonable probability prevented the harm, without impairing the utility, usefulness, practicality or desirability of the tires to users or consumers.

18. Upon information and belief, Ford participated in, and to some degree controlled, the design of Firestone Radial tires. As such, Ford is jointly and severally liable with Firestone for damages proximately caused by the design defect described herein. Furthermore, the Ford Explorers involved in the subject accidents were defectively designed in a manner which rendered the vehicles inherently unstable. This instability, coupled with the defective Firestone tires, produced a much more dangerous combination than either defective product standing alone. Both Ford and Firestone were, or should have been, aware of the defects in the Ford Explorer and the Firestone tires. Despite this knowledge, however, defendants placed their respective products in the stream of commerce, to be purchased and used in conjunction by unsuspecting consumers.

19. Upon information and belief, Bridgestone, the parent company of Firestone, engaged in direct supervision and control over Firestone with respect to the design of Firestone Radial tires. As such, Bridgestone is jointly and severally liable with Firestone for damages proximately caused by the design defect alleged above.

*3. Inadequate Warning*

20. Plaintiffs incorporate all previous paragraphs as if fully reproduced herein.

21. At the time the subject tires left the control of Firestone and Ford, respectively, the subject tires were defective because they failed to contain adequate warnings, such defect rendered the products unreasonably dangerous to the plaintiffs, and the defect proximately caused the damages for which recovery is sought.

22. At the time the subject tires left the control of defendants Firestone and Ford, said defendants knew, or in light of reasonably available knowledge should have known, about the danger that caused the damage for which recovery is sought. The ordinary user or consumer would not have realized the subject tires' dangerous condition.

23. Ford was aware of the defective design of the subject tires and failed in its duty to warn the motoring public, including plaintiffs, of the subject tires' dangerous condition.

24. Ford likewise failed to adequately warn the public of dangers associated with the inherently unstable Ford Explorer. Ford was aware, or should have been aware, of the Ford Explorer's unreasonably dangerous propensity to roll over during tire failure. However, Ford failed to adequately warn the public, including the plaintiffs, of other compromises of the Explorer's handling ability during tire tread separation. Ford likewise failed to warn the consumer that the combination of the Explorer's instability and the Firestone Wilderness A/T's propensity to delaminate yielded an unreasonably dangerous product, much more so than either product standing alone. This failure to adequately warn of these dangers rendered the product unreasonably dangerous to the consumer and, in fact, caused the injury complained of herein. The ordinary user would not know of the dangers complained of herein.

25. Upon information and belief, Bridgestone engaged in direct supervision and control over Firestone with respect to the warnings contained on Firestone Radial ATX tires. As such, Bridgestone is jointly and severally liable with Firestone for damages proximately caused by the inadequate warning alleged above.

## NEGLIGENCE AND/OR GROSS NEGLIGENCE

### 1. Firestone/Bridgestone

26. Plaintiffs incorporate all previous paragraphs as if fully reproduced herein.

27. Firestone and Bridgestone had a duty to manufacture and sell tires that were reasonably safe for their intended use. Defendants breached this duty and were negligent and/or grossly negligent by selling the subject tire knowing it would be used on passenger vehicles which travel at highway speeds, when Firestone knew, or in light of reasonably available knowledge or in the exercise of reasonable care should have known, of the unreasonably dangerous propensity of the subject tire to experience a sudden and complete tread separation while operating at highway speeds, and how such a tread separation is likely to result in serous injury or death to the user. At the time Firestone sold the subject tire for its intended use as equipment on Ford Explorer vehicles, Firestone and Bridgestone had or should have had actually knowledge of an unreasonably high number of deaths and serious injuries that were the result of tread separations on it Radial A/T tires equipped on Ford Explorer vehicles.

28. Firestone and Bridgestone were negligent and/or grossly negligent by selling the subject tire, when they knew, or in light of reasonably available knowledge or in the

exercise of reasonable care should have known, that the subject tire was manufactured and/or designed in a defective condition that rendered the tire unreasonably dangerous.

29. Firestone and Bridgestone were negligent and/or grossly negligent by failing to incorporate a feasible design alternative in the subject tire that would have, to a reasonable probability, prevented the damages for which recovery is sought.

30. Firestone and Bridgestone had a duty to timely warn the motoring public of the unreasonably dangerous risks associated with its Radial A/T tires on Ford Explorer vehicles, especially after Firestone and Bridgestone became aware that the Radial A/T was experiencing a very high incidence of tread separation. Firestone and Bridgestone learned of said risks well in advance of the plaintiffs' injuries. Firestone was negligent by failing to adequately warn the public of such dangers.

31. Firestone and Bridgestone had a duty to take affirmative action, such as voluntarily recalling the tires, to promote the safety of the motoring public as soon as it learned of the unreasonably dangerous risks associated with its Radial A/T tires on Ford Explorer vehicles. Firestone and Bridgestone were negligent and/or grossly negligent by failing to take such prompt action.

32. Defendants' negligence, as described above, proximately caused the plaintiffs' injuries and defendant is liable for all damages resulting thereof.

*2. Ford*

33. Ford had a duty to manufacture and sell its Explorer vehicles in a reasonably safe condition for their intended use as passenger vehicles. Ford breached this duty and was negligent and/or grossly negligent by selling the subject Explorer vehicles equipped

with Firestone Radial A/T tires, when Ford knew, or in light of reasonably available knowledge or in the exercise of reasonable care should have known, of the unreasonably dangerous propensity of Firestone Radial a/T tires to experience sudden and complete tread separations while operating at highway speeds, and how such a tread separation on a Ford Explorer is likely to result in serous injury or death to the user. Ford was likewise negligent and/or grossly negligent by manufacturing and selling the Ford Explorer which was inherently unstable and prone to roll over during tire failure. Such negligence proximately contributed to plaintiffs' injuries. At the time Ford sold the subject vehicles equipped with the subject tires, Ford had actual knowledge of an unreasonably high number of deaths and serous injuries that were the result of tread separations of Firestone Radial A/T tires equipped on Ford Explorer vehicles.

34. Ford was negligent by selling the subject vehicles equipped with the subject tires, when it know, or in light of reasonably available knowledge or in the exercise of reasonable care should have known, that the subject tires were manufactured and/or designed in a defective condition that rendered the tire unreasonably dangerous for its intended use as equipment on Ford Explorer vehicles.

35. Ford had a duty to timely warn the motoring public of the unreasonably dangerous risks associated with the Radial A/T tires on Ford Explorer vehicles. Ford learned of said risks well in advance of the plaintiffs' injuries. Ford was negligent by failing to adequately warn the public.

36. Ford was negligent in recommending that the subject Firestone tires by operated at a dangerously low tire pressure, when Firestone's design contemplated operating at a higher pressure. Ford was further negligent by selling Ford Explorers with

Firestone tires dangerously under inflated and by placing on the vehicle a decal recommending that the tires be operated at a low pressure.

37. Ford was negligent for selling the defective Firestone tires by virtue of participating in the design and testing of said tires and dictating the specifications of said tires. This active role in the design of the tires proximately contributed to the defect which caused the plaintiff's injuries.

38. Ford was grossly negligent in failing to warn the public of potential dangers of the Firestone A/T tires once it learned of the tires' propensity to fail and cause serious injury to the occupants of vehicles equipped with said tires. Ford's duty to give such a warning was heightened, given Ford's involvement in the design of the subject tire, Ford's supplying the subject tires as original equipment on its vehicles, and Ford's manipulation of Firestone's recommended tire pressure.

*Compensatory Damages*

39. As a direct and proximate result of the aforesaid product defects and/or negligence, plaintiffs were injured and now seek damages for personal injury, medical bills, pain and suffering and mental and emotional anguish, and for the wrongful death of Hans Guerrero Altmann.

*Punitive Damages*

40. Defendants are guilty of actual malice through willful and wanton conduct, and/or gross negligence which evidences a willful, wanton or reckless disregard for the safety of others. Defendants acted with actual malice and/or gross negligence by intentionally causing the Firestone Radial A/T tires and the Ford Explorer to be put into the marketplace for use by consumers while knowing of the products' unreasonably

dangerous propensities all for their own financial gain.  Further, Ford, and or Firestone knew this tire vehicle combination were potentially lethal. Firestone recalled the tires in question in Saudi Arabia, Colombia, Ecuador, Venezuela, and the United States, but failed to warn and or recall the dangerous tires in Mexico.  As such, Plaintiffs demand the imposition of punitive damages, pursuant to S.D. Codified Laws § 21-1-4.1  (2004), in an amount sufficient to punish and deter Defendants from similar conduct in the future.

WHEREFORE, PLAINTIFFS PRAY for a judgment for compensatory damages in an amount to be determined by a jury against all the defendants, jointly and severally, for the plaintiffs' injuries.  Additionally, plaintiffs seek punitive damages against Firestone, Bridgestone and Ford to deter and punish Defendants for their gross negligence and/or willful and wanton conduct, and all cost, interest, attorneys' fees and such other relief as the Court and jury deem just.  Respectfully submitted,

By_____
David "Mac" McKeand
TBN 24037782
Federal ID No. 34175
2855 Mangum Suite 209
Houston, TX  77092
713 956 0023
713 956 0093 fax

By_____
Laurie M. Bauer
SDBN  SBSD#84
Box 9
Mobridge, SD  57601
Telephone:  605-845-7282
Fax:  605-845-7283

Attorneys for Plaintiff